UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Christopher Ranson | Sondra Levine | |

**Proceedings:** **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** (filed 10/03/10)

## I.   INTRODUCTION

Plaintiff Mark McClenning ("McClenning") filed the instant complaint against NCO Financial Systems, Inc. ("NCO") on May 14, 2010 for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(a) et seq.  The complaint alleges that defendant engaged in abusive, deceptive, and unfair practices by continuing debt collection activities after receiving timely notice that plaintiff disputed the alleged debt and contacting the plaintiff after plaintiff had advised the defendant to cease doing so.  On June 28, 2010, plaintiff filed a first amended complaint ("FAC").  On August 12, 2010, pursuant to stipulation, plaintiff filed a second amended complaint ("SAC").  The SAC alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692g(b); 1692c(c); 1692e(2); and 1692f(1); and violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681n.

On October 3, 2010, plaintiff filed the instant motion for partial summary judgment.  On October 25, 2010, defendant filed an opposition to plaintiff's motion.  On October 31, 2010, plaintiff filed a reply brief in support of his motion.  Having carefully considered the arguments of the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the initial burden of identifying relevant portions of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested.  See Fed. R. Civ. P. 56(c).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

**IV.     DISCUSSION**

Plaintiff seeks summary judgment on the issue of defendant's liability under the Fair Debt Collection Practices Act ("FDCPA").  Mot. at 1.  First, plaintiff argues that he is entitled to summary judgment on the issue of defendant's liability under 15 U.S.C. § 1692g(b), which states, in pertinent part: "If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

creditor, is mailed to the consumer by the debt collector." Id. at 5-6, citing 15 U.S.C. § 1692g(b). Plaintiff contends that defendant NCO violated this provision when the following occurred: "[P]laintiff disputed the validity of the debt that defendant NCO alleged plaintiff owed ('alleged debt') and requested validation of the same within 30 days of plaintiff's receipt of defendant NCO's February 25, 2008 initial written communication to plaintiff. Defendant NCO never provided verification of the alleged debt to plaintiff despite plaintiff's timely written request to Defendant NCO for the same. Despite never providing verification of the alleged debt, defendant NCO continued its collection efforts against plaintiff by: conducting an inquiry on plaintiff's credit report in July of 2009; mailing further written collections correspondence regarding the alleged debt to plaintiff in March of 2010; and again conducting an inquiry on plaintiff's credit report in March of 2010." Id. at 6. In support of his contention, plaintiff offers a declaration outlining the timeline of events, a copy of the letter sent to NCO February 29, 2009, a copy of collection-related correspondence from NCO received April 2, 2010, and a copy of his credit report showing requests placed by NCO on the relevant dates. McClenning Decl., Exhibits A-E.

Plaintiff also asserts that he is entitled to summary judgment with respect to his allegation that NCO violated 15 U.S.C. § 1692c(c), which provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." Id. at 6, citing 15 U.S.C. § 1692c(c). Plaintiff asserts, citing the evidence referred to above, that plaintiff violated this provision when it "mailed further collection correspondence to plaintiff in March of 2010," after plaintiff had notified it in writing that it should cease communication with him with respect to the debt in February of 2009. Id. at 6-7.

Lastly, plaintiff asserts that he is entitled to summary judgment on his claim that NCO violated 15 U.S.C. § 1692f(1), which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . the following conduct is a violation of this section . . . [t]he collection of any amount (including any interest, *fee*, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law*." Id. at 7, citing 15 U.S.C. § 1692f(1) (emphasis added by plaintiff). Plaintiff argues that NCO violated this provision when it sent collection correspondence to plaintiff on February 25,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

2008 and March 29, 2010 demanding "'fees' in the sum of $3,568.92." Id. at 7.

In opposition, defendant argues that "numerous disputed issues, both factual and legal, preclude the granting of summary judgment." Opp. at 1. Specifically, defendant disputes plaintiff's argument that "NCO's inquiry on his credit report constitutes a violation of the FDCPA." Id. at 9. "Plaintiff offers no evidence that a soft-pull credit inquiry qualifies as debt collection activity under the FDCPA and Defendant is aware of no court that has found that a soft-pull credit inquiry constitutes debt collection activity under the FDCPA." Id. at 9-10. Moreover, defendant argues, their request of the plaintiff's credit report cannot be deemed a "communication" under the FDCPA because "[b]y requesting the consumer's credit report, NCO did not convey any information regarding or concerning the debt, either directly or indirectly to any entity or person. In fact, no one but the consumer can even see that NCO requested the information since the credit inquiry was done as a 'soft-pull.'" Id. at 10-11.

Defendant also challenges plaintiff's characterization of the "fees" at issue as not authorized by the agreement creating the debt. Id. at 3. Defendant asserts that the "fees" at issue were authorized by the agreement creating the debt, and were provided by the creditor. Id. In support of its argument, defendant offers the declaration of Linda Geisler, the Assistant Vice President of NCO and a copy of the application and promissory note evidencing the loan that created the debt in question. Geisler Decl. and Exhibits C, D to Geisler Decl. The notes "provide for the collection of 'the Loan Amount; interest on the Loan Amount; late charges; and, in the event of default, costs of collection and reasonable attorneys' fees.'" Opp. at 3-4 citing Exh. C & D to Geisler Decl.

Defendant also argues that plaintiff is not entitled to summary judgment on the issue of liability because even if the Court were to find that there had been an FDCPA violation, "NCO contends it is entitled to the bona fide error defense." Opp. at 12-13. "Pursuant to § 1692k(c)'s bona fide error defense, a debt collector is shielded from liability under the FDCPA if it can show by a preponderance of the evidence that its violation was (1) not intentional and (2) resulted from a bona fide error despite procedures reasonably adapted to avoid any such violation." Id. at 14. Defendant argues that the violations alleged by plaintiff were the result of a bona fide error resulting from the erroneous duplicative placement of plaintiff's loan with NCO for collection. In support of this argument, defendant presents its version of the timeline of the events at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

issue, supported by the Geisler declaration. Due to an earlier dispute with plaintiff with respect to earlier attempts at the collection of the loans currently at issue, plaintiff filed suit against defendant. Id. at 5. "Upon receipt of the lawsuit, NCO placed the consumer's information on its 'never contact list' to prevent further communication or contact with the plaintiff on any additional accounts that may be placed with NCO in the future." Id. "On or about March 29, 2010, Sallie Mae placed [two other accounts] in the Plaintiff's name with NCO for collection." Id. at 6. "NCO was unaware that [these accounts] were duplicate placements of the earlier accounts." Id. On March 29, 2010, NCO sent the initial form letter to plaintiff, made a soft-pull inquiry on the plaintiff's credit bureau report and "placed three dialer calls to the plaintiff . . .but was unable to make contact with the plaintiff. On March 30, 2010 as a result of NCO's internal processes for scrubbing accounts, NCO's systems generated a notification that Plaintiff's information was listed on NCO's 'never contact list' from the previous collection accounts. Pursuant to NCO's internal procedures, the compliance dept was notified and documented the accounts with a notation to close the accounts based on the previous lawsuit." Id. at 6-7.

Defendant argues that its version of the events surrounding the alleged violations supports a finding that they were the result of bona fide error. Defendant argues that it can demonstrate the first prong of the defense–that the violation was committed unintentionally. "NCO had no intention of violating the FDCPA and when the error was discovered, immediately took steps to rectify the situation and cease all collection on the accounts. NCO was unaware that the March 2010 accounts were duplicate accounts of the February 2008 accounts. . . . Once the error was discovered and NCO was able to link the consumer to the prior accounts NCO undertook immediate efforts to cease all collection activity and return the accounts to the creditor. Such actions do not demonstrate an intent to violate the law but rather demonstrates [sic] NCO's desire to comply with the law and respond quickly to any unintentional errors." Id. at 18. Defendant also argues that it can demonstrate that the violation was the result of a bona fide error. Defendant argues that the mistake was genuine, and made in good faith, and was simply the result of "a technical misstep that occurred when Plaintiff's Sallie Mae accounts were re-placed with NCO for collection." Id. at 19. NCO argues that this case is therefore analogous to Lewis v. ACB Business Services, Inc., 135 F. 3d 389, 401-402 (6th Cir. 1998), in which the Court found that a bona fide error defense was proper where the error occurred "because the creditor had made a coding error causing the file to be returned to [the defendant] as a new placement." Id. at 20. Lastly, defendant argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

it can demonstrate a bona fide error defense because the alleged violation occurred despite the fact that NCO has procedures in place that are reasonably adapted to avoid such violation. "NCO has policies and procedures in place to prevent the exact violation alleged here which successfully worked in quickly identifying the account and immediately shutting down the collection once the account had been identified." Id. at 15.

In reply, plaintiff argues that he is entitled to partial summary judgment because has established that defendant violated the FDCPA and that defendant's arguments do not alter this conclusion. First, he argues that "NCO's inquiries on plaintiff's credit report constitute collection activity." Reply at 3. He argues that, contrary to NCO's assertions, the soft-pulls of his credit report were "communications" as defined by the FDCPA. Id. at 4. Moreover, even if they were not "communications," he argues that they were "collection activities." Id. "NCO is a debt collector with whom plaintiff has initiated no financial transactions whatsoever. . . . Accordingly the only purpose NCO could have had for obtaining plaintiff's credit report was in connection with the collection of the alleged debt." Id. According to plaintiff, because the credit inquiries were clearly collection activities, and they were undertaken after notice was given by plaintiff to cease such activities, they violated the FDCPA, even if they caused no injury. Id.

Plaintiff also argues that defendant is incorrect in its assertion that it was entitled to demand fees from plaintiff in the amount of $3,568.92. First, plaintiff argues that NCO was not entitled to demand the fee obligation in its March 29, 2010 correspondence because that correspondence constituted collection activity in violation of 15 U.S.C. § 1692g(b) after plaintiff had previously disputed the debt and NCO had not provided verification of the debt to him. Id. at 5-6. Additionally, plaintiff argues that "the purported promissory notes [that defendants offer to show that the fees requested were authorized by the agreement evidencing the debt] are inadmissible." Id. at 6. Plaintiff further argues that even if the notes were admitted, NCO still has not "provided [any] explanation, via itemization or otherwise, establishing what the purported fee obligation in the amount of $3,568.92 represents." Id. at 7.

As to defendant's bona fide error defense, plaintiff argues that all evidence offered by defendant is inadmissible pursuant to Fed. R. Civ. P. 37(c)(1), because defendant has failed to provide information regarding that defense in response to discovery requests by plaintiff. Id. at 7-8. "Despite plaintiff's efforts to obtain information from NCO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

regarding its bona fide error defense on multiple occasions over the last 3.5 months, defendant and its attorneys of record have proceeded to make a an [sic] abject mockery of the discovery and disclosure mandates set forth in Rule 26 of the Federal Rules of Civil Procedure." Id. at 8.

Moreover, plaintiff argues, "NCO has failed to carry its burden to demonstrate that the defense applies here." Id. at 9. First, plaintiff argues, under Ninth Circuit law, to rely on this defense, NCO must demonstrate that the "*conduct* was unintentional," not only that it bore "no malice or ill will toward plaintiff." Id. Furthermore, "the Ninth Circuit requires more than a mere assertion to the effect that defendant maintained procedures reasonably adapted to avoid any such error. . . . Here, defendant has failed to make this showing because defendant has provided no documentary evidence of its procedures." Id. at 9-10. Furthermore, the procedures employed by defendant "clearly are entirely ineffective to avoid the type of violations alleged against defendant herein," as plaintiff has been the victim of numerous violations of the FDCPA by NCO and its agents. Id. at 10.

With respect to the alleged violation of 15 U.S.C. § 1692f(1), the Court finds that defendant has raised a question of fact as to whether the "fees" in the amount of $3,568.92 demanded by NCO were "expressly authorized by the agreement creating the debt." Plaintiff asserts that they were not. Defendant disputes this and offers as evidence of its position a copy of the promissory note evidencing the debt, which provides for additional fees in the event of late payment or default.[1] Although plaintiff is correct to note that defendant has not provided a more detailed itemization of the $3,568.92 fee, it has sufficiently raised a question of fact with respect to this legality of this fee to overcome plaintiff's motion for summary judgment on this issue.

With respect to the alleged violation of § 1692c(c), defendant has raised a triable issue of fact as to whether communications made by defendant to plaintiff in March 2010

---

[1] Plaintiff objects to the Geisler Declaration and the exhibits thereto. The Court overrules the objections as to the relevant portions of the declaration and denies as moot the remainder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

were the result of bona fide error.² The Court finds that this case is distinguishable from the case cited by plaintiff, Reichert v. National Credit Systems, Inc., 531 F. 3d 1002 (9th Cir. 2008). In that case, the Court held that "[i]f the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." Reichert, 531 F. 3d at 1007. Here, the Geisler Declaration gives more detail, explaining the system of coding and scrubbing and how those systems operated in this case and defendant offers a clear explanation of the use of these systems to prevent violations of § 1692c(c). Because defendant has adequately raised an issue of fact as to a bona fide error defense, partial summary judgment is not appropriate on the issue of defendant's liability under this statute.

With respect to the alleged violation of § 1692g(b), the Court finds that defendant has raised a triable issue of fact as to whether further collection efforts in March 2010 were the result of bona fide error, as discussed above. As to the inquiry by NCO on plaintiff's credit report in July 2009, the bona fide error defense is not available, because the inquiry was made approximately nine moths prior to the alleged error. However, the Court finds that defendant has at least raised a question of fact as to whether NCO failed to cease collection of the debt in violation of § 1692g(b) by when it made a soft-pull credit inquiry. Cf. Guerrero v. RJM Acquisitions LLC, 499 F. 3d 926 (9th Cir. 2007); Robinson v. TSYS Total Debt Management, Inc., 447 F. Supp. 2d 502 (D. Md. 2006).

**IV. CONCLUSION**

In light of the foregoing, the Court hereby DENIES plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

---

²To the extent that plaintiff argues that the credit inquiries made by NCO were also violations of § 1692c(c), the Court finds it inappropriate to determine that these actions were communications "with the consumer" as referred to at 15 U.S.C. § 1692c(c) on the current record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

O

                                                                            00  :  10
                               Initials of Preparer            CMJ