UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION FOR ATTORNEY FEES (filed 1/19/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

Plaintiff Mark McClenning ("McClenning") filed the instant complaint against NCO Financial Systems, Inc. ("NCO") on May 14, 2010 for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(a) et seq. The complaint alleges that defendant engaged in abusive, deceptive, and unfair practices by continuing debt collection activities after receiving timely notice that plaintiff disputed the alleged debt and contacting the plaintiff after plaintiff had advised the defendant to cease doing so. On June 28, 2010, plaintiff filed a first amended complaint ("FAC"). On August 12, 2010, pursuant to stipulation, plaintiff filed a second amended complaint ("SAC"). The SAC alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692g(b); 1692c(c); 1692e(2); and 1692f(1); and violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681n.

On January 5, 2011, the Court conducted a settlement conference in this matter. The parties reached a binding an enforceable settlement on all claims herein. An order was issued to that effect, instructing the parties to complete the settlement no later than February 1, 2011, and setting a briefing schedule for motions for attorneys' fees. On January 19, 2011, plaintiff filed the instant motion for attorneys' fees. On February 2, 2011, defendant filed an opposition to plaintiff's motion. On February 3, 2011, the parties filed a joint report indicating that they had completed settlement and would file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

stipulation regarding dismissal with prejudice upon the Court's ruling on the instant motion and the receipt of funds by plaintiff. On February 9, 2011, plaintiff filed a reply in support of his motion for attorneys' fees. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461U.S. at 437. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party and submitted affidavits." Gates v. Gomez, F.3d 525, 534-535 (9th Cir. 1995).

The Court has an independent duty to determine whether the hours and hourly rates submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value, which is "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley, 461 U. S. at 433.

## IV.   DISCUSSION

The parties agree that plaintiff is entitled to recover reasonable attorneys' fees under the FDCPA. Opp. at 1. However, defendant challenges the amount of fees requested as unreasonable. Id. Plaintiff requests $24,709.50 for 86.7 hours of work by his attorney, Christopher G. Ranson ("Ranson") at the rate of $285 per hour. Reply at 10.[1] In support of his request, plaintiff submits declarations of Los Angeles-based attorneys that assert that his hourly rate is reasonable. See Butler Decl. at ¶ 4-5 ("A substantial portion of my Los Angeles based law practice is devoted to representing consumers in [FDCPA] cases, as well as other consumer claims. I am aware of the fee awards that have been entered by judges in this type of case, and the hourly rates for other lawyers who regularly practice on behalf of plaintiffs in FDCPA cases. Based on

---

[1]The amount requested includes 2.4 hours incurred in drafting plaintiff's briefing in connection with the instant motion. Reply at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

my experience as a consumer attorney in this district, it is my opinion that Mr. Ranson's hourly rate of $285 is extremely reasonable, given his experience.  I also believe that Mr. Ranson's hourly rates falls [sic] within the reasonable range of market rates for consumer attorneys practicing in this and other California districts.")    Plaintiff also submits a declaration by Ranson, along with copies of his "contemporaneously kept billing records reflecting [his] services to plaintiff."  Ranson Decl. at ¶ 4, Exh. A to Ranson Decl.

Defendant contends that the fees requested are excessive, for the following reasons: "(1) At the outset of the case, Plaintiff rejected a complete and reasonable settlement offer. . . . Plaintiff's recovery should be limited to the fees incurred through July 14, 2010 [the date of the offer]; (2) Plaintiff's hourly rate is too high for a non-complex, non-class, FDCPA suit; (3) The amount of time Plaintiff's attorney claims to have spent on this lawsuit is unreasonable and constitutes an attempt to improperly run up the attorneys fees; (4) Plaintiff's counsel is not entitled to any fees that were incurred for unnecessary work or work that was not fruitful and did not advance the litigation. . . . [Therefore,] [p]laintiff is not entitled to recover fees for his unsuccessful and unnecessary [summary judgment] motion."  Opp. at 1.  Defendant further asserts that "[p]laintiff's fees should be reduced to properly reflect the limited success achieved as compared to the amount of damages sought."  Id. at 13.  "According to the ADR Program Questionnaire filed by Plaintiff's counsel, (See Exhibit B) Plaintiff sought $7,018.30 in damages plus an unspecified amount for attorneys fees and costs.  In the final settlement Plaintiff received $2,000 in damages and an undetermined amount of attorneys fees to be decided by the Court.  Using these numbers, Plaintiff recovered just 28% of the initial settlement demand thus NCO suggests, it is proper to reduce the lodestar to reflect the limited success."  Id. at 14.

Plaintiff argues that the amount requested is reasonable, and should not be reduced.  With respect to NCO's argument that plaintiff is not entitled to recover fees for time incurred after its offer of judgment, plaintiff argues that this argument is incorrect because it understates the inadequacy of the offer of judgment.  "In NCO's opposition, defendant asserts . . .that NCO's offer of judgment adequately compensated plaintiff for his damages because the maximum plaintiff could recover was $1,000 representing plaintiff's maximum statutory damages.  Defendant is wrong.  The FDCPA allows for recovery of both statutory and actual damages.  See 15 U.S.C. § 1692k(a)(1)(2).  As alleged in the FAC, plaintiff incurred special damages in the form of out-of-pocket postal expenses and general damages in the form of emotional distress."  Reply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

Additionally, plaintiff argues, the offer of judgment was inadequate as it did not allow for plaintiff to recover attorneys' fees incurred for "time spent establishing" the appropriate fee award. Id. at 4.

Plaintiff further argues that defendant's additional arguments as to why plaintiff is entitled to only a reduced fee award are also incorrect. Plaintiff argues that a reduction based on the "simplicity" of a single-plaintiff FDCPA case is contrary to congressional intent behind the FDCPA, and is reversible error, citing Caudle v. Bristow, 224 F. 3d 1014, 1028 (9th Cir. 2000). Id. at 6. Plaintiff argues that "it is also reversible error for the Court to reduce the requested fee award because the fee award exceeds the amount of monetary recovery." Id., citing Queseda v. Thomason, 950 F. 2d 537, 539-40 (9th Cir. 1988). With respect to defendant's assertion that plaintiff should not recover any fees incurred in connection with his summary judgment motion, plaintiff argues that this argument is incorrect, as a plaintiff "who is unsuccessful at a stage of litigation that was a necessary step to ultimate victory is entitled to attorney's fees even for the unsuccessful stage." Reply at 8, citing Cabrales v. County of Los Angeles, 935 F. 2d 1050, 1053 (9th Cir. 1991). With respect to defendant's argument that plaintiff's fees should be reduced because plaintiff only achieved limited success, plaintiff asserts that he "is thrilled with the settlement terms herein." Reply at 9. In addition to the monetary relief, plaintiff contends that the settlement reached, unlike the original offer of judgment, contains "a fool-proof mechanism for preventing future abuses against plaintiff by NCO by and through the mutual release entered into herein by the parties." Id.

The Court agrees with plaintiff that his fees should not be limited to those incurred prior to the original offer of judgment because that offer did not necessarily and adequately take into account plaintiff's potential damages. The Court further finds that the evidence presented by plaintiff properly establishes that counsel's hourly rate is reasonable and in line with the rates charged by other lawyers of comparable skill and experience in the field. However, the Court finds that it is proper to make a reduction in the amount of fees requested to account for the limited success of the plaintiff. On that basis, the Court awards the plaintiff his reasonable attorneys' fees in the amount of $8,500. This amount appears to be reasonable in light of plaintiff's obtaining less than one-third of his initial demand, and it should adequately compensate counsel for reasonable time incurred herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3631 CAS (RZx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARK MCCLENNING v. NCO FINANCIAL SYSTEMS, INC. | | |

### IV.  CONCLUSION

In light of the foregoing, the Court GRANTS plaintiff's motion for attorneys' fees and directs defendants to pay to plaintiff $8,500 in fees in addition to the $2,000 that it has already paid to defendant in connection with the settlement agreement as reflected in the parties' joint status report filed April 6, 2011.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |